

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed October 21, 2011**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 10-45828-DML-11 |
| | § | |
| **NORTH PARK TERRACE** | § | |
| **APARTMENTS V, LTD.,** | § | |
| | § | |
| | § | |
| Debtor. | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING CONFIRMATION OF JOINT PLAN OF REORGANIZATION**

Came on to be considered this 20th day of October, 2011, the confirmation hearing with regard to the Joint Plan of Reorganization [Docket No. 168] (the "Plan") filed by North Park Terrace Apartments V, Ltd. ("NPT" or the "Debtor") and OneWest Bank, FSB ("OWB"). The following Findings of Fact and Conclusions of Law are entered pursuant to Federal Rules of Bankruptcy Procedure 9052 and 9014. Such findings may be characterized as conclusions or conclusions as findings, where appropriate.

**FINDINGS OF FACT**

1. <u>Due and Sufficient Notice</u>. Notice of the Confirmation Hearing was appropriate

and complied in all respects with Bankruptcy Rule 2002(b).

2. <u>Plan Compliance / Section 1129(a)(1) of the Bankruptcy Code</u>. The Plan complies with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

3. <u>Proponent Compliance / Section 1129(a)(2) of the Bankruptcy Code</u> The Proponent of the Plan has complied with the applicable provisions of the Bankruptcy Code.

4. <u>Good Faith / Section 1129(a)(3) of the Bankruptcy Code</u>. The Plan has been proposed in good faith under Section 1129(a)(3) by the Debtor and not by any means forbidden by law and the Debtor is entitled to the protections of Section 1125(e) of the Bankruptcy Code.

5. <u>Payments / Section 1129(a)(4) of the Bankruptcy Code</u>. Payments made or to be made by the Debtor for services or for costs and expenses in or in connection with the Plan or case have been approved by or are subject to the approval of this Court.

6. <u>No Rate Change Jurisdiction / Section 1129(a)(6) of the Bankruptcy Code</u>. No governmentally regulated rates are involved in these cases.

7. <u>Best Interests of Creditors / Section 1129(a)(7) of the Bankruptcy Code</u>. With respect to impaired classes of claims or interests, each holder of a claim or interest of such classes has accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Plan Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

8. <u>Acceptance of the Plan / Section 1129(a)(8) of the Bankruptcy Code</u>. Classes 1, 2 and 3 are entitled to vote. There is no class of impaired claims which rejected the Plan.

9. <u>Priority Claims / Section 1129(a)(9) of the Bankruptcy Code</u>. Claims entitled to priority under 11 U.S.C. §507(a)(1)-(7) will be paid in accordance with Bankruptcy Code or as

per the provisions of the Plan.

10. <u>Class Acceptance / Section 1129(a)(10) of the Bankruptcy Code</u>. At least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider.

11. <u>Feasibility / Section 1129(a)(11) of the Bankruptcy Code</u>. The Plan is feasible and the confirmation of the Plan is not likely to be followed by the liquidation, or need for further financial reorganization of the Debtor except where liquidation is required by the Plan.

12. <u>Fees /Section 1129(a)(12) of the Bankruptcy Code</u>. All fees payable under 28 U.S.C. §1930 have been paid or the Plan provided for the payment of such fees on the Plan Effective Date.

13. <u>Retiree Benefits / Section 1129(a)(13) of the Bankruptcy Code</u>. There are no retiree benefits involved in this case.

14. <u>Domestic Support Obligation / Section 1129(a)(14) of the Bankruptcy Code</u>. No domestic support obligations are involved in this case.

15. <u>Individual Debtor / Unsecured Creditor Objection / Section 1129(a)(15) of the Bankruptcy Code</u>. Section 1129(a)(15) is not applicable in this case.

16. <u>Transfer Compliance / Section 1129(a)(16) of the Bankruptcy Code</u>. All transfers set forth in the Plan comply with the requirements of this section 1129(a)(16) of the Bankruptcy Code.

## **CONCLUSIONS OF LAW**

17. The Court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. §157 (b)(2)(A)-(L), and (O).

18. The Plan complies with all of the applicable provisions of Title 11 of the United

States Bankruptcy Code.

19. The Debtor and OWB have complied with the applicable provisions of the Bankruptcy Code in proposing the Plan, specifically the Plan meets all of the requirements of 11 U.S.C. §1129(a).

# # # END OF ORDER # # #

E. P. Keiffer (SBN 11181700)
Kim E. Moses (SBN 24035872)
WRIGHT GINSBERG BRUSILOW P.C.
Republic Center
325 N. St. Paul Street, Suite 4150
Dallas, TX  75201
Telephone:  (214) 651-6500
Facsimile:  (214) 744-2615
Email:  pkeiffer@wgblawfirm.com
**ATTORNEYS FOR DEBTOR**

**and**

Jason Brookner (TX Bar No. 24033684)
Monica Blacker (TX Bar No. 00796534)
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, Texas  75201
Telephone:  (214) 659-4400
Facsimile:  (214) 659-4401
Email:  mblacker@andrewskurth.com
**ATTORNEYS FOR ONEWEST BANK, FSB**